(No. 40928.—

THE PEOPLE *ex rel.* Nicholas J. Bua *et al.*, Petitioners, *vs.* PAUL POWELL, Secretary of State, Respondent.

*Opinion filed Jan. 19, 1968.—Modified on motions Mar. 25, 1968.*

Don H. Rueben and Lawrence Gunnels, both of Chicago, for petitioners.

William G. Clark, Attorney General, of Springfield, (John J. O'Toole, Assistant Attorney General, of counsel,) for respondent.

Mr. Justice Kluczynski delivered the opinion of the court:

Pursuant to leave heretofore granted, the petitioners filed this original petition for writ of *mandamus* against the Secretary of State in his capacity as secretary of the State Electoral Board. The petitioners are four associate judges of the circuit court of Cook County who were elected to the bench during the year 1963, specifically as follows: Anton A. Smigiel on April 2, 1963; James H. Felt on June 15, 1963; James L. Sparing on November 16, 1963, and Nicholas J. Bua on December 3, 1963. Each petitioner was elected for a six-year term. In the ordinary course, petitioners' terms would expire in 1969—after the 1968 general election but before the 1970 general election.

The question presented by the petitioners here is whether they must seek retention in office at the 1968 or 1970 general election. Their manifest and paramount concern is to be assured that they run for retention in the correct year and to know when their present terms have lawfully ended or they patently stand to lose their judicial offices.

The amended judicial article of the Illinois constitution (article VI) that became effective on January 1, 1964, extends the terms of all judges who held office on January 1, 1963, as follows: "The terms of all judges in office on January 1, 1963 expiring otherwise than on the first Monday in December in an even numbered year are extended to the first Monday in December after the general election following the date at which such terms would otherwise

expire." (Ill. Const., art. VI, Schedule, par. 12(b).) By the express provisions of sections 10 and 14 of the amended judicial article, all circuit judges elected after January 1, 1964—the effective date of the amended article—hold office for six-year terms that expire in general election years. However, the amended article is completely silent concerning the length of terms of those judges (such as the petitioners) who were elected during the year 1963.

A judge desiring to seek retention in office must file his declaration of candidacy with the Secretary of State not less than six months prior to the general election next preceding the expiration of his term of office. (Ill. Const., art. VI, sec. 11.) On September 6, 1967, the petitioners filed their declarations of candidacy with the respondent Secretary of State to seek retention in office at the November, 1968, general election. The respondent returned the declarations to the petitioners, noting in the letters of transmittal that, "The records of this office indicate that your present terms of office will not expire until 1970." Petitioners then filed the instant *mandamus* proceeding to compel the respondent to accept their declarations of candidacy for retention in office at the November, 1968, general election. Respondent filed an answer denying any duty to accept the declarations, thereby closing the issues.

The petition for *mandamus* avers, and the answer of respondent admits, that the petitioners' declarations of candidacy were rejected by respondent upon the basis of a statute enacted at the 1963 session of the General Assembly. (Ill. Rev. Stat. 1963, chap. 37, par. 72.39.) The pertinent portion of the statute provides that "the judges elected in 1963 in newly created city, village and town courts shall have their terms lengthened so that such terms expire in December, 1970." The statute was apparently passed as an attempt to remedy the failure of the amended judicial article to make any provision for the length of terms of judges elected in 1963.

Petitioners question the validity of the statute in light of a prohibition contained in the legislative article of the constitution (Ill. Const., art. IV, sec. 28) : "No law shall be passed which shall operate to extend the term of any public officer *after his election or appointment."* (Emphasis ours.) The statute became effective on June 25, 1963. At that time the petitioners, Smigiel and Felt were in office, Smigiel being elected on April 2, 1963, and Felt on June 15, 1963. Petitioners Sparing and Bua, however, were elected after enactment of the statute, Sparing being elected on November 16, 1963, and Bua on December 3, 1963.

This court had occasion to construe the interdiction of section 28 of article IV as applied to judges' terms of office in *People ex rel. Oliver* v. *Knopf,* 198 Ill. 340. In that case the legislature had purported to extend the terms of incumbent judges for three years beyond an election date prescribed by prior constitutional law. The court, on p. 346, in holding the extension of judicial terms invalid under section 28 of article IV, declared: "The scope and purpose of these [legislative] provisions were in direct conflict with the constitution. By them the legislature attempted to postpone elections from the times when the offices of the judges would expire, to a later date. They had no more power to continue the judges in office by this means than they would have had to provide that no election should be thereafter held, so as to continue the incumbents of the offices therein during their lives." (198 Ill. at 346-47.) See also *People ex rel. McCarthy* v. *Firek,* 5 Ill.2d 317.

It is thus clear that the General Assembly exceeded its power in attempting to extend the terms of office of those judges who were elected in 1963 prior to June 25, the effective date of the statute. The petitioners Smigiel and Felt were elected before that date, and the statute could not and did not extend their terms. Since their terms expire before the 1970 general election, petitioners Smigiel and Felt properly filed their declarations of candidacy to seek

retention at the 1968 general election and respondent had the duty to accept their declarations.

The petitioners Sparing and Bua, on the other hand, were elected after the statute became effective; their terms were therefore not within the prohibition of section 28 of article IV, which only precludes the legislature from extending the term of a public officer "after his election or appointment." The terms of petitioners Sparing and Bua have effectively been extended to December, 1970 and they need not file their declarations for retention in office until six months prior to the 1970 general election. (Ill. Const., art. VI, sec. 11.) The respondent properly rejected their declarations of candidacy to run at the 1968 general election.

The writ is therefore awarded as to petitioners Smigiel and Felt, and denied as to Sparing and Bua.

*Writ awarded in part*
*and denied in part.*

ON PETITION FOR INTERVENTION AND MOTION
FOR AMPLIFICATION OF THE COURT'S OPINION

Subsequently to the filing of the court's slip opinion on January 19, 1968, circuit court judges John E. Richards of the Tenth Judicial Circuit, presently sitting as its Chief Judge, and Glenn K. Seidenfeld of the Nineteenth Judicial Circuit, both of whom were elected on June 3, 1963, and associate circuit judge Neil E. Mahoney of the Sixteenth Judicial Circuit, elected on April 13, 1963, petitioned for leave to intervene in this cause for a determination of whether they must seek retention in office at the 1968 or 1970 general election.

It is to be noted that the statute (Ill. Rev. Stat. 1963, chap. 37, par. 72.39) additionally relates to "any circuit judge elected to office in June, 1963 as a result of any statute authorizing the election of an additional circuit judge in the specified circuits * * *." We have allowed

the petition for intervention and hold that the intervening petitioners are situated similarly to the petitioners, judges Smigiel and Felt. The intervening petitioners must accordingly file their declarations of candidacy with the respondent Secretary of State to seek retention at the November, 1968, general election; the writ of *mandamus* in this cause will specifically direct the respondent to accept the intervening petitioners' declarations.

Petitioners Smigiel and Felt have filed a motion for amplification of the court's opinion to ascertain when their original terms expire for purposes of establishing their rights under the Judges Retirement System of Illinois. (Ill. Rev. Stat 1967, chap. 108½, par. 18—101 *et seq.*) The intervening petitioners have joined in this motion. We do not pass upon the specific pension rights of any individual judges since that function is vested in the Board of Trustees of the Judges Retirement System of Illinois when applications for retirement benefits are duly submitted. (Ill. Rev. Stat. 1967, chap. 108½, par. 18—135 *et seq.*) We do hold, however, that the duration of the original six-year terms of petitioners Smigiel and Felt and of the intervening petitioners must be computed from the dates that they first became judges, *i.e.* 1963, so that such terms do not expire on the date that the said petitioners and intervening petitioners are required to seek retention for another term in office, *i.e.* the November, 1968, general election. Should these petitioners be retained in office in this election, their new term, as provided by section 11 of article VI of the Illinois constitution, would commence "the first Monday in December following the election." (Ill. Const., art. VI, sec. 11.) This new term would, of course, expire six years from such date, or sometime in December, 1974.